MULTIPLE TRADING CORPORATION, Respondent, *v.* DEMOLA REALTY CORPORATION and Others, Appellants, Impleaded with BERTA SAGGESE and GAETANO SAGGESE, Defendants.

First Department, June 18, 1941.

*Fred M. Ahearn* of counsel [*Ernest M. Garbe,* attorney], for the appellants.

*Benjamin Levitas* of counsel [*Rose M. Trapani* with him on the brief], for the respondent.

GLENNON, J. Plaintiff recovered two judgments against the defendant Berta Saggese in August and October, 1933, for the sums of $6,000 and $3,000, respectively; and in July, 1935, a judgment of over $10,000 against her husband, Gaetano Saggese.

This is a judgment creditor's action which was commenced on May 14, 1938. It is based upon the theory, as expressed in the amended complaint, that the defendants Saggese and the defendant Grace Kudlich organized the corporate defendant, Demola Realty Corporation, solely for the purpose and uses of themselves, and that the corporation acquired certain premises known as 7 Gouverneur place in the county of Bronx, city of New York, without consideration and in contemplation of plaintiff's judgments against the Saggeses so as to place the property in question beyond the reach of the plaintiff.

We do not believe it is necessary to review the testimony in this case at length. It is quite apparent that the Saggeses entered into an oral agreement to purchase the property known as 7 Gouverneur place but that they never acquired title to it nor did they ever have nor do they now have any interest in the premises. The court has found, and it is borne out by the record, that the defendants Saggese merely did the work of " a caretaker or janitor." The record conclusively establishes that they never made any investment in the property. All the expenses in connection with improvements, arrears of taxes, water charges, interest and penalties were paid by the appellant Demola Realty Corporation, to which moneys were advanced by the appellant Grace Kudlich. There is no evidence which would sustain a finding that the appellants entered into a conspiracy with the non-appealing defendants to defraud the plaintiff.

Under the circumstances, we are at a loss to comprehend how the following provisions of the judgment entered in this case can stand:

" ORDERED, ADJUDGED AND DECREED that the defendants, Demola Realty Corporation, its present and future officers and directors, Ernest M. Garbe and Grace Kudlich are hereby enjoined and restrained from selling, assigning, or making a gift of any stock, bonds, notes of the defendant, Demola Realty Corporation, or of any interest in the premises known as 7 Gouverneur Place, Bronx, New York, or of any mortgage or building loan now or hereafter a lien on the said premises to Berta or Gaetano Saggese or their nominees, except subject to the liens of the plaintiff's judgments described in the Findings of Fact and upon written notice served upon plaintiff and plaintiff's attorney, and it is further

" ORDERED, ADJUDGED AND DECREED that the defendants, Berta and Gaetano Saggese, or their nominees, are hereby enjoined and restrained from ever receiving a deed, lease, or any other interest to or in 7 Gouverneur Place, Bronx, New York, or an interest in any mortgage or building loan now or hereafter a lien

on the premises known as 7 Gouverneur Place, Bronx, New York, or from acquiring the ownership of any stock, bond, or note made by the defendant, Demola Realty Corporation, except subject to the liens of the plaintiff's judgments described in the Findings of Fact and upon written notice served upon plaintiff and plaintiff's attorney, and it is further

"ORDERED, ADJUDGED AND DECREED that the defendants, Gaetano and Berta Saggese, are hereby enjoined and restrained from signing or using any name but that of their own when such signature or use is related to 7 Gouverneur Place or not, and it is further

"ORDERED, ADJUDGED AND DECREED that the defendants, Demola Realty Corporation, by their officers, directors, agents, or employees, and Grace Kudlich, individually and as trustee of the estate of William T. Kudlich, deceased, render a written account for any and all rents, income, profits, moneys or other property collected or received by them from the real property known as 7 Gouverneur Place, Bronx, New York, and file same with the clerk of the County of Bronx within 60 days after service of a copy of this judgment and service of a copy upon Ernest M. Garbe, Esq. * * * "

Consequently, we have concluded that since plaintiff has failed to make out any cause of action against the appellants, the judgment in so far as it pertains to the appellants should be reversed, with costs, and the complaint dismissed upon the merits as to them, with costs.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.